JERALDINE BROWN FAIL V. STATE.

No. 31,281. December 2, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Sanders & Stanford*, by *L. F. Sanders*, Canton, for appellant.

*James S. Grisham*, County Attorney, Canton, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

No statement of facts accompanies the record.

By formal bill of exception appellant contends that both the complaint and information on which this conviction rests are void because they are respectively sworn to before and presented

by the county attorney of Van Zandt County, when in fact he was not county attorney but criminal district attorney.

Art. 326k-11, of the 1941 Revised Civil Statutes, as amended, authorized the commissioners court in certain instances to change the name of the office of county attorney to that of criminal district attorney.

A similar statute authorizing such a change in Hill County was held unconstitutional by the Supreme Court of Texas on the ground that the legislature could not create a statutory office with authority to take over the duties of county attorney. Hill County v. Sheppard, 142 Texas 358, 178 S.W. 2d 261.

In 1941 the commissioners court of Van Zandt County changed the name of its county attorney to that of criminal district attorney. However, they changed the name of criminal district attorney back to that of county attorney in 1945.

In view of the holding in Hill County v. Sheppard, supra, appellant's contention cannot be sustained.

It is insisisted that the judgment is void because it contains no order directing that the punishment assessed be enforced by proper process and also fails to order the collection of costs.

The judgment shows that the appellant waived her right of trial by jury, entered a plea of not guilty, and the court after hearing the evidence concluded that she was guilty as charged and assessed her punishment at three days in jail and a fine of $50, "and costs of court, and it is accordingly so ordered."

The judgment is reformed to read that the defendant be committed to the custody of the sheriff of Van Zandt County who shall forthwith confine her in the jail of said county for three days and until said fine and costs are fully paid.

As so reformed, the judgment is affirmed.

Opinion approved by the Court.